1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

17

18

19

GRANT H. ROMAINE,

                    Plaintiff,

        v.

CITY OF POULSBO, a Washington Municipal
Corporation, KATHRYN H. QUADE, Mayor
of Poulsbo, Douglas J. Quade and their Marital
Community; CITY OF POULSBO INTERIM
POLICE JAKE D. EVANS, DEANNA S.
KINGERY, City of Poulsbo Human Resources
Manager, KITSAP COUNTY SHERIFF, SGT.
JAMES MCDONOUGH and DOES 1-20,

                    Defendants.

Case No. C09-5545RJB

ORDER ON MOTION
FOR
RECONSIDERATION

20

21

22

23

        This matter comes before the court on defendants Deanna S. Kingery, Kathryn H. Quade, Jake D.

Evans and the City of Poulsbo's Motion for Reconsideration of the Court's December 7, 2009 Minute

Order.  Dkt. 42.   The court has considered the documents filed in support of the motion and the file

herein.

24

25

26

27

28

        On December 2, 2009, defendants (the Poulsbo defendants) filed (1) Defendant Kathryn H. Quade

Rule 12(b) Motion to Dismiss (Dkt. 35); (2) Defendant Deanna S. Kingery Rule 12(b) Motion to Dismiss

(Dkt. 36); (3) Defendant Jake D. Evans Rule 12(b)(6) Motion to Dismiss (Dkt. 37); and (4) Motion to

Dismiss, Pursuant to FRCP 12(b)(6) Claims Filed Against City of Poulsbo (Dkt. 38).  These motions are

noted for January 8, 2009.

ORDER
Page - 1

1     On December 7, 2009, the court converted these motions, pursuant to Fed.R.Civ.P. 12(d), to

2  motions for summary judgment under Fed.R.Civ.P. 56, on the basis that the motions are supported by

3  documents outside the pleadings. Dkt. 41.

4     On December 8, 2009, defendants Kingery, Quade, Evans and the City of Poulsbo filed a Motion

5  for Reconsideration of the Court's December 7, 2009 Minute Order.  Dkt. 42.  These defendants object to

6  converting these motions to motions for summary judgment.  They argue that the documents that were

7  filed in support of their motions were referred to in the Second Amended Complaint, and should therefore

8  be considered as part of the complaint, not documents outside the pleadings.  These defendants contend

9  that issues of qualified immunity should be determined as early as possible in the litigation, prior to

10  discovery.

11     The Joint Status Report in this case is due by December 15, 2009, and has not yet been filed.

12     Local Rule CR 7(h)(1) provides as follows:

13     Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the
       absence of a showing of manifest error in the prior ruling or a showing of new facts or legal
14     authority which could not have been brought to its attention earlier with reasonable diligence.

15     The court recognizes that a decision on qualified immunity should be made early in the

16  proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. *Johnson*

17  *v. County of Los Angeles,* 340 F.3d 787, 791 (9th Cir. 2003).  Qualified immunity is "an entitlement not to

18  stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The

19  privilege is an immunity from suit rather than a mere defense to liability; and like an absolute immunity,

20  it is effectively lost if a case is erroneously permitted to go to trial. *Id.* As a result, it is important to

21  resolve immunity questions at the earliest possible stage in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227

22  (1991).

23     In support of their pending motions, the Poulsbo defendants provided a large number of

24  documents. Some of those documents were quoted verbatim in the Second Amended Complaint, but most

25  of those documents appear to contest and contradict the facts set forth in the Second Amended Complaint.

26  Plaintiff should have the opportunity to provide a meaningful response to those documents.   The Poulsbo

27  defendants have not shown manifest error in the prior ruling, nor have they made a showing of new facts

28  or legal authority which could not have been brought to the court's attention earlier with reasonable

1 diligence. The motion for reconsideration should be denied.

2 It is unclear whether and what discovery is needed to respond to the issues of qualified immunity

3 regarding the individual Poulsbo defendants, and whether and what discovery is needed to respond to the

4 motion regarding the City of Poulsbo. The parties may wish to engage in limited discovery, so that the

5 issues presented in these motions may be fully addressed. At the very least, in their Joint Status Report

6 and Discovery Plan, the parties should consider phased discovery, addressing the issues of qualified

7 immunity and the issues presented in the City of Poulsbo's motion to dismiss, before the parties engage in

8 more extensive discovery. The parties may also wish to consider whether these motions are premature,

9 and whether to strike the motions and set new deadlines in the Joint Status Report and Discovery Plan for

10 re-filing them.

11 Therefore, it is hereby

12 **ORDERED** that plaintiff's Motion for Reconsideration and Motion to Enlarge Time (Dkt. 42) is

13 **DENIED**.

14 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

15 party appearing *pro se* at said party's last known address.

16 DATED this 9th day of December, 2008.

17

18 Robert J. Bryan
United States District Judge.

19

20

21

22

23

24

25

26

27

28