UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GRANT H. ROMAINE,

        Plaintiff,

v.

CITY OF POULSBO, a Washington Municipal Corporation, KATHRYN H. QUADE, Mayor of Poulsbo, Douglas J. Quade and their Marital Community; CITY OF POULSBO INTERIM POLICE JAKE D. EVANS, DEANNA S. KINGERY, City of Poulsbo Human Resources Manager, KITSAP COUNTY SHERIFF, SGT. JAMES MCDONOUGH and DOES 1-20,

        Defendants.

Case No. C09-5545RJB

ORDER ON COUNTY DEFENDANTS' MOTION FOR DISMISSAL FOR FAILURE TO STATE A CLAIM (Fed.R.Civ.P. 12(b)(6))

This matter comes before the court on the County Defendants' Motion for Dismissal for Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)). Dkt. 48. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## PROCEDURAL HISTORY

On September 8, 2009, plaintiff filed a civil case against (1) the City of Poulsbo, former Mayor of the City of Poulsbo Kathryn H. Quade, City of Poulsbo Interim Police Chief Jake D. Evans; City of Poulsbo Human Resources Manager Deanna S. Kingery (City of Poulsbo defendants); and (2) Kitsap County Sheriff and Sergeant James McDonough (Kitsap County defendants). Dkt. 5. On September 16, 2009, plaintiff filed an amended complaint. Dtk. 8.

On November 25, 2009, plaintiff filed a Second Amended Complaint. Dkt. 32. An amended pleading supersedes the original pleading. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir.1990) ( "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original" ); *Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir.1981) (claims not realleged in amended complaint are deemed waived); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1476, at 556-59 (1990). After amendment the original pleading no longer performs any function and is "treated thereafter as non-existent," *Loux,* 375 F.2d at 57. The Second Amended Complaint is the current and only complaint before the court.

In the Second Amended Complaint, plaintiff alleges federal civil rights claims under 42 U.S.C. § 1983 and § 1985; and state law claims for negligence, negligent and/or intentional infliction of emotional distress, defamation, and for violation of the Washington Law Against Discrimination RCW 49.60 (WLAD), including retaliation under WLAD. Dkt. 32.

Plaintiff claims that Sgt. McDonough, who was in charge of the Internal Affairs Division for the Kitsap County Sheriff's Office, placed a name watch in the law enforcement data base on Sgt. McDonough's girlfriend, Laura Haworth; that plaintiff's name came up on the name watch; and that Sgt. McDonough filed a complaint with the City of Poulsbo. Dkt. 32. Plaintiff claims that the City of Poulsbo then retaliated against him for investigating Mayor Quade for selling favors from her office, for opposing Mayor Quade's alleged attempt to contract out police services, and for properly using the Poulsbo Police Department computer system to obtain information regarding Laura Haworth, who had been hired by the City of Poulsbo. Dkt. 32.

## MOTION TO DISMISS

On December 17, 2009, the Kitsap County defendants filed a motion to dismiss, alleging that plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. 48. The Kitsap County defendants contend that (1) plaintiff has not stated a claim under 42 U.S.C. § 1985, because the Kitsap County Sheriff's Office is not an entity that can be sued, and because plaintiff has failed to identify himself as a member of a protected class and failed to provide factual specificity of the existence of a conspiracy; (2) plaintiff has not stated a claim under 42 U.S.C. § 1983, because plaintiff has not provided

any allegations that either of the Kitsap County defendants was involved in any conduct that violated plaintiff's civil rights; (3) plaintiff has not stated a claim for negligent infliction of emotional distress because the Kitsap County defendants were not plaintiff's employer, and plaintiff has not alleged any facts that would established a duty of care owed by Sgt. McDonough to plaintiff; and (4) plaintiff has not stated a claim for negligence or negligent supervision against the Kitsap County defendants because plaintiff has made no factual allegations that they were involved in the investigation of plaintiff, that any of these defendants made an improper communication, or that plaintiff was owed any duty by Kitsap County to supervise Sgt. McDonough. Dkt. 48.

On January 4, 2010, plaintiff filed a response to the Kitsap County defendants' motion to dismiss, contending that (1) he will not pursue claims against the Kitsap County defendants for violation of 42 U.S.C. § 1983 and § 1985, and those claims may be dismissed without prejudice; (2) there are disputed factual issues regarding plaintiff's claim for negligent infliction of emotional distress; (3) there are disputed factual issues regarding plaintiff's claim for negligence; and (4) there are disputed factual issues regarding plaintiff's claim for negligent supervision. Dkt. 56.

On January 8, 2010, the Kitsap County defendants filed a reply, contending that (1) dismissal of the plaintiff's claims against the Kitsap County defendants for violation of 42 U.S.C. § 1983 and § 1985 is required, first, because of the plaintiff's intent to withdrawal those claims against the Kitsap County defendants and, second, because the plaintiff has failed to present sufficient fact to support those claims; (2) plaintiff has not stated a cognizable claim for negligent infliction of emotional distress because the Kitsap County defendants were not plaintiff's employer, and plaintiff has not alleged any facts that would established a duty of care owed by the Kitsap County defendants to plaintiff; (3) plaintiff has not stated a cognizable claim for negligence or negligent supervision against the Kitsap County defendants because plaintiff has made no factual allegations that they were involved in the investigation of plaintiff, that any of these defendants made an improper communication, or that plaintiff was owed any duty by Kitsap County to supervise Sgt. McDonough. Dkt. 58.

## STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica*

*Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## DISCUSSION

As an initial matter, the plaintiff has stated that "Kitsap County Sheriff" was named as a defendant in his Second Amended Complaint (Dkt. 32) only to identify the office within Kitsap County that the plaintiff alleges caused his damages. Dkt. 56. The plaintiff has agreed to dismiss his claims against "Kitsap County Sheriff" so long as he retains his claims against defendant Kitsap County, who is the proper entity answerable for any wrongs potentially committed by the Kitsap County Sheriff's Office. Dkt. 56. Accordingly, all claims against "Kitsap County Sheriff" should be dismissed.

**1. Claims under 42 U.S.C. § 1983 and § 1985**

The Kitsap County defendants contend that the plaintiff has failed to state a claim for violation of his civil rights under 42 U.S.C. § 1983 and § 1985. Dkt. 58. Plaintiff has agreed to dismiss, without prejudice, his claims under 42 U.S.C. § 1983 and § 1985 as to the Kitsap County defendants. Dkt. 56. Accordingly, the defendants' motion should be granted and the plaintiff's claims under 42 U.S.C. § 1983 and § 1985 should be dismissed.

**2. Negligent Infliction of Emotional Distress**

The Kitsap County defendants maintain that the plaintiff has only asserted a claim of negligent infliction of emotional distress against his employer and that, because the Kitsap County defendants were not his employers, this claim is not brought against them. Dkt. 58. The plaintiff contends that he suffered emotional distress arising from "from his employer's retaliatory acts...," and that the Kitsap County defendants' interests were "aligned" with the interests of the City of Poulsbo defendants against the

ORDER
Page - 4

plaintiff. Dkt. 56.

Washington law recognizes an independent cause of action for negligent infliction of emotional distress for a plaintiff who can establish the elements of duty, breach, proximate cause and damages. *Estate of Lee v. City of Spokane*, 101 Wn. App. 158, 176, 2 P.3d 979, *review denied*, 142 Wn.2d 1014 (2000) (citing *Hunsley v. Giard*, 87 Wn.2d 424, 434, 553 P.2d 1096 (1976)). Here, the plaintiff has failed to show that either Kitsap County or Sgt. McDonough owed him a duty.

Plaintiff claims Sgt. McDonough, who was in charge of the Internal Affairs Division for the Kitsap County Sheriff's Office, placed a name watch in the law enforcement database on his girlfriend, Laura Haworth. Plaintiff's name came up on the name watch of Laura Haworth. Dkt. 56. The plaintiff claims that Sgt. McDonough then filed a complaint against the plaintiff with the City of Poulsbo. Dkt. 56. For the purposes of this motion, the Kitsap County defendants have not disputed the plaintiff's claim that Sgt. McDonough filed a complaint with the City of Poulsbo (Dkt. 48); however, it is unclear as to whether Sgt. McDonough filed an official complaint or merely notified the City. The plaintiff claims that the City of Poulsbo used Sgt. McDonough's complaint to investigate him and retaliate against him for investigating Mayor Quade for selling favors from her office, for opposing Mayor Quade's alleged attempt to contract out police services, and for properly using the Poulsbo Police Department computer system to obtain information regarding Laura Haworth, who had been hired by the City of Poulsbo. Dkt. 56. Although the plaintiff contends that Sgt. McDonough's actions were wrongful, he has failed to identify a duty that Sgt. McDonough owed him. As far as the plaintiff is concerned, it was not wrongful for Sgt. McDonough to watch for people searching for information on Ms. Haworth, and it was not wrongful for Sgt. McDonough to notify the City of Poulsbo of the names appearing on the name watch. Further, the plaintiff has failed to allege facts sufficient to establish that Kitsap County owed him a duty. Because neither defendant owed the plaintiff a duty, the remaining elements of negligent infliction of emotional distress do not need to be discussed. According, the defendants' motion should be granted and the plaintiff's claim against Sgt. McDonough and Kitsap County for negligent infliction of emotional distress should be dismissed.

**3. Negligence**

The Kitsap County defendants maintain that the plaintiff has failed to establish a prima facie case of negligence against them. Dkt. 58. Plaintiff argues that the Kitsap County defendants were negligent because

they "engaged in wrongful conduct." Dkt. 56.

In an action for negligence a plaintiff must prove four basic elements: (1) the existence of a duty; (2) breach of that duty; (3) resulting injury; and (4) proximate cause. *Degel v. Majestic Mobile Manor, Inc.*, 129 W.2d 43, 48 (1996).

For the reasons listed in the section above, the Kitsap County defendants did not owe the plaintiff a duty. Accordingly, the defendants' motion should be granted and the plaintiff's negligence claim against the Kitsap County defendants should be dismissed.

**4. Negligent Supervision**

The Kitsap County defendants contend that the plaintiff did not identify (1) a duty of care that was owed to him by the County, (2) how such a duty was violated, and (3) how such a violation proximately caused his injury. Dkt. 58. The plaintiff argues that Kitsap County negligently supervised Sgt. McDonough when he placed a name watch on Ms. Haworth and when he filed a complaint after the plaintiff's name appeared on that name watch. Dkt. 56.

To establish a claim of negligent supervision, a plaintiff must prove that the employee presented a risk of harm to others; the employer knew, or in the exercise of reasonable care, should have known, that the employee presented such a risk; and the employer's failure to adequately supervise the employee proximately caused the plaintiff's injury. *Niece v. Elmview Group Home*, 79 Wn. App. 660, 667 (1997).

Plaintiff has failed to allege facts which, if true, would show that Sgt. McDonough presented a risk of harm to others. Even if Sgt. McDonough did pose a risk to others based on the plaintiff's allegations, the plaintiff has not alleged facts which establish that Kitsap County should have know of such risk. Furthermore, the plaintiff has not alleged facts which establish that Kitsap County failed to adequately supervise Sgt. McDonough when he placed the name watch and/or filed his complaint, and has not alleged facts which establish that the County's supervision proximately caused the plaintiff's employer, the City of Poulsbo, to initiate an investigation of the plaintiff that produced unfavorable findings. Accordingly, the defendant's motion should be granted and the plaintiff's negligent supervision claim should be dismissed.

1       Therefore, it is hereby **ORDERED** that the County Defendants' Motion for Dismissal for Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)) (Dkt. 48) is **GRANTED** and the plaintiff's claims under 42 U.S.C. § 1983 and § 1985 and under theories of negligent infliction of emotional distress, negligence, and negligent supervision are dismissed as to Kitsap County and Sgt. McDonough.

      The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

      DATED this 21st day of January, 2010.

Robert J. Bryan
United States District Judge